NIPOTI ACCAME, The (HIGBEE v.).   See Case No. 6,465.

NISEN (HALVERSON v.).   See Case No. 5,-970.

NISSLEY (UNITED STATES v.).   See Case No. 15,893.

## Case No. 10,278.

### NISSON v. WESSELS.

#### [5 Ben. 483.] [1]

District Court, E. D. New York.   Jan., 1872.

##### MASTER'S WAGES—MISCONDUCT.

An owner of a vessel, who was sued by her master for a balance of wages, set up as a defence misconduct of the master in taking the vessel into the port of San Andros, W. I., without instructions, and neglecting to repair her while there.   It appeared that the owner's written instructions did not direct the master to go to San Andros, but did direct him to secure all the cargo he could, of a certain debtor of the owner, and that it was representations of such debtor which induced the master to go to that port.   It also appeared that the owner's letter to him, written after news of his arrival at San Andros, made no complaint.   It appeared, also, that a survey was held at San Andros, which pronounced the vessel unseaworthy, and that the master waited for instructions from his owner before selling her, and that, after his return to New York, the owner gave him a letter of recommendation as an honest and sober man. *Held*, that the charge of misconduct was not made out, and that the master was entitled to the balance of his wages.

[This was a libel by Nicholas Nisson against Gerhardt Wessels for the recovery of unpaid wages.]

A. Nash, for libellant.
J. K. Hill, for respondent.

BENEDICT, District Judge.   This action is brought by the master of the schooner Anna against the owner of that vessel, to recover a balance of wages.   There is no dispute as to the rate of wages, or as to the time of service, or as to the sums paid by the defendant to the libellant on account of his wages.   The defence rests upon certain allegations of misconduct and unfaithfulness on the part of the libellant in the performance of his duties, whereby the owner claims to have sustained a loss exceeding the amount of wages unpaid.   One of these charges is that the master put into the port of San Andros without instructions so to do.   And it is true that the written instructions do not direct the master to go to San Andros.   The master swears that he had verbal instruc-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

tions which permitted that course, but, whether he did or did not have such instructions, upon the evidence in the case respecting the nature of the business in which the vessel was engaged, and the direction to the master to secure all the cargo he could of the debtor, whose representations caused him to go to San Andros, together with the condition of the vessel, I do not think the master can be considered to have violated any instruction, or been guilty of any error in going into San Andros.

The letter of the owner in reply to the master's letter which informed him of the arrival of the vessel at San Andros, contains no suggestion of misconduct in this particular.   Another ground of complaint is that the master neglected to repair his vessel at San Andros, and remained there some three months.   But it is clear that he could not have repaired her with any propriety, situated as he was in such a place.   Nor was he in any condition to attempt to complete his voyage.   The vessel was wholly unseaworthy, and was found so by the survey held at San Andros.   The master, was, therefore, justified in not attempting to reach New York with his vessel and cargo at that season of the year.   The vessel was not insured, as the owner carefully informed him, and he was warranted in waiting for instructions before selling her, which instructions he had reasonable ground to believe he would receive much sooner than he did.   The fact that the vessel did finally succeed in reaching New York in the month of July with seventy logs of mahogany in, does not go far to show that the master was neglectful of his duty in not attempting to come on to the coast in such a vessel with a full cargo in the month of February.

Furthermore, all the charges of misconduct now made are rendered open to suspicion by the fact that after the master arrived here, and with the knowledge of all the circumstances, the defendant gave him a written recommendation as having proved himself an honest and sober man, after a service in his employ for about two years.

Looking at the whole case, therefore, I am unable to discover why the master is not entitled to his wages, the unpaid balance of which appears to be $379.   He must be charged with any sums which he received from the sale of the cargo which may be unaccounted for, and as the accounts were not gone into with much minuteness on the hearing before me, a reference may be had, if the defendant desires it, to examine with more care into the disposition of these proceeds.